# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN GOVREAU, and JULIE GOVREAU | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 2:10-CV-04135-NKL |
| vs. | )<br>)<br>) |
| MICHAEL ALBERS, SHAWN TRUITT, and LAKEWAY MOTORS | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Plaintiffs John and Julie Govreau (collectively "Plaintiffs") purchased a vehicle from Lakeway Motors, an automobile sales business owned and operated by Michael Albers and Shawn Truitt (collectively "Defendants"). Plaintiffs allege that the vehicle Defendants delivered to their home did not correspond to the representations made to them by Defendants. Plaintiffs have sued Defendants for fraud, negligent misrepresentation, breaches of express and implied warranties under state and federal law, and violations of Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.020. [Doc. # 3, at 7-13]. Before the Court are Defendants' motion to dismiss and motion for a more definite statement. [Doc. # 12]. For the following reasons, the Court denies the motions.

**I.   Background**

1

The following facts are taken from Plaintiffs' Complaint [Doc. # 3] and are assumed true for purposes of this motion to dismiss.

Prior to September 25, 2007, Defendants posted an advertisement for a 1970 Chevrolet Nova ("1970 Nova") on eBay. The eBay advertisement indicated that the 1970 Nova had been "restored," had a "fresh 383 CI 470 Horse Power Engine," and had "show quality" paint. Plaintiffs saw the eBay advertisement, and became interested in the vehicle. Mr. Govreau telephoned Defendants, who confirmed that the eBay advertisement accurately described the 1970 Nova. Defendants instructed Mr. Govreau to call back later and speak with Defendants' mechanic, Travis, for more details.

When Mr. Govreau contacted Travis by telephone and asked him about the condition of the 1970 Nova, Travis told Mr. Govreau that the vehicle was in good working condition and stated that he would rate it "a 9 out of 10," with 10 being in perfect condition. Travis added that the 1970 Nova was operable and that he had personally driven the vehicle and that it drove "fine." Further, Travis stated that if Plaintiffs wanted to pick up the car, it could be driven from mid-Missouri, the location of Lakeway Motors, to Illinois, where Plaintiffs reside.

Based on these representations, on or about September 25, 2007, Plaintiffs entered into an agreement to purchase the 1970 Nova from Defendants for $23,500.00. Plaintiffs sent a $500.00 deposit to Defendants in Missouri. Defendants then removed the 1970 Nova from the eBay listing and completed the transaction privately, outside of eBay's Vehicle Purchase Protection Program. Plaintiffs later sent the balance of the purchase price to

2

Defendants via overnight mail.

Defendants arranged to have a transport company deliver the 1970 Nova to Plaintiffs' home. When the vehicle was delivered, Plaintiffs discovered that it was in poor condition and could not be operated safely on the roads. The 1970 Nova had significant damage, defects, or problems to its suspension, brakes, transmission, clutch assembly, gas tank, fuel lines, rubber body mount bushing, power steering box, speedometer, and gauges. Other problems included chips and scratches in its glass, damaged chrome trim and bumpers, non-functioning horn, non-matching steering wheel, non-functioning car stereo, non-functioning control panel for interior blower/fan, broken door locks, dry-rotted door and window molding, and missing interior trim pieces. Additionally, it was not "restored," did not have a "fresh" engine, and did not have "show quality" paint. Rather, when the vehicle was inspected shortly after it arrived at the Plaintiffs residence, Plaintiffs was informed that the motor to the 1970 Nova had failed. A second mechanic inspected the engine and opined that it could not possibly generate the horsepower that had been indicated in the eBay advertisement. Plaintiffs also discovered that the paint was not "show quality," but that the car had been repainted over existing paint. Subsequent examinations of the 1970 Nova by qualified mechanics have uncovered necessary repairs totaling in excess of $10,000.

Mr. Govreau telephoned Travis to inform him of the vehicle's problems. Travis replied by stating that Defendants had created the content of the eBay advertisement for the 1970 Nova based solely on how the vehicle had been described to Defendants "at auction." [Doc. # 3, at 5]. Travis further stated that neither he, nor Defendants, nor any other person

3

acting on behalf of Defendants, had examined the 1970 Nova to verify its condition prior to the creation of the eBay advertisement.

According to Plaintiffs Defendants engage in the pattern and practice of both selling damaged or defective vehicles to customers after misrepresenting the condition of such vehicles, and advertising defective vehicles on eBay and subsequently selling them outside of eBay. When Plaintiffs contacted Defendants to make arrangements to either repair the vehicle or return it, Defendants refused to agree to any informal resolution.

Plaintiffs charge that Defendants are liable for fraud, negligent misrepresentation, breaches of express and implied warranties under both Missouri law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, and violations of the Merchandising Practices Act, Mo. Rev. Stat. § 407.020. Plaintiffs seek to recover from Defendants at least $100,000 for actual and punitive damages, interest on the damages amount from the date of Plaintiffs' purchase, and recovery of costs including a reasonable attorney's fee. Plaintiffs also seek preliminary and permanent injunctions prohibiting Defendants, their affiliates, successors, or subsidiaries from creating advertisements that misrepresent the condition of vehicles they offer for sale, and also from subsequently completing transactions outside of eBay when an eBay advertisement initially procured the customer.

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and

plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### A. Fraud

To prove a claim for fraud in Missouri, a plaintiff must show:

> (1) a false material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the statement; (5) the hearer's reliance on its truth, and the right to rely thereon; and (6) proximate injury.

*Constance v. B. B. C. Dev. Co.*, 25 S.W.3d 571, 580 (Mo. Ct. App. 2000) (citing *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713, 720 (Mo. Ct. App. 1995)). Defendants argue that Plaintiffs had no right to rely on Defendants' alleged statements in the eBay advertisement because, among other reasons, they were urged to inspect the vehicle but failed to do so and the statements were "mere puffing." Thus, according to Defendants, Plaintiffs failed to state a claim for fraud. Whether Plaintiffs were entitled to rely on Defendants' representations, however, is a factual issue. *Bigler v. Conn*, 959 S.W.2d 134, 138 (Mo. Ct. App. 1998) ("The

5

right to rely on a representation is ordinarily a question of fact for the jury.") (quoting *Colgan v. Washington Realty Co.*, 879 S.W.2d 686, 690 (Mo. Ct. App. 1994)). While such an inquiry may sometimes be resolved on a motion for summary judgment, *see e.g.*, *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 132 (Mo. 2010); *White v. Bowman*, 304 S.W.3d 141, 151 (Mo. Ct. App. 2009), it is inappropriate for the Court to decide this issue on a motion to dismiss. Rather, at this stage, it is sufficient that Plaintiffs alleged they had the right to rely on Defendants' representations. Additionally, whether Defendants' statements were a form of "puffing" is a question of fact to be decided at a later stage of the litigation.

Defendants' motion may also be read broadly to contest the sufficiency of Plaintiffs' pleading generally. Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead "the circumstances constituting fraud . . . with particularity." Specifically, a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001).

Here, Plaintiffs allege the following facts: Defendants represented in their eBay advertisement that the 1970 Nova was "restored," had a "fresh" engine, and had "show quality" paint; Defendants represented to Plaintiffs in a phone conversation that the eBay advertisement was accurate; Defendants suggested that Plaintiffs speak to their employee, Travis, about the vehicle; the representations made by Travis; the approximate times of those representations; Plaintiffs had a right to rely on those representations; Plaintiffs were

6

unaware of the falsity of the statements and reasonably relied on those representations when they entered into a sales agreement with Defendants on September 25, 2007; Defendants' representations were false and why they were false; Defendants knew or should have known that they were false; and Defendants engage in a pattern and practice of selling damaged or defective vehicles after misrepresenting the condition of the vehicles. Plaintiffs' Complaint articulates the "who, what, when, where, and how" of the alleged fraud. *See Mitec Parnters, LLC v. U.S. Bank Nat. Ass'n*, 605 F.3d 617, 622 (8th Cir. 2010) (citing *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009)). Thus, Plaintiffs have sufficiently plead a claim for fraud in Missouri under the heightened pleading standard of Rule 9(b).

**B.    Negligent Misrepresentation**

The elements of a claim for negligent misrepresentation are:

(1) the speaker supplied information in the course of his business; (2) because of a failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's justified reliance on the information, the listener suffered a pecuniary loss.

*Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 289 (Mo. Ct. App. 2008) (citing *Colgan v. Wash. Realty Co.*, 879 S.W.2d 686, 689 (Mo. Ct. App. 1994)).

Defendants argue that Plaintiffs could not have justifiably relied on Defendants' alleged statements in the eBay advertisement because (1) the statements were opinions and not facts, and (2) Plaintiffs had been repeatedly warned that the car was sold "as is," that the perception of the condition of "old cars" varied among purchasers, that Plaintiffs should

conduct an on-sight inspection before purchase, and that Plaintiffs acknowledged these warnings. Just as how Defendants argued that Plaintiffs failed to state a claim of fraud, whether Plaintiffs justifiably relied upon Defendants' representations is a factual issue, which the Court declines to decide on a motion to dismiss.

Moreover, Plaintiffs specifically allege that Defendants did not examine the 1970 Nova to verify its condition prior to the creation of the eBay advertisement, which adequately supports their claim that Defendants failed to exercise reasonable care when representing the vehicle. This, coupled with the factual allegations supporting Plaintiffs' fraud claim, sustain a plausible claim of negligent misrepresentation. *See Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 290-91 (Mo. Ct. App. 2008) (quoting *Jim Lynch Cadillac, Inc. v. Nissan Motor Acceptance Corp.*, 896 S.W.2d 704, 707 (Mo. Ct. App. 1995)) ("The main difference between fraudulent misrepresentation and negligent misrepresentation, is that fraudulent misrepresentation requires proof that the defendant knew the statement was untrue or was reckless as to whether the statement was true or false, while negligent misrepresentation only requires that the defendant failed to exercise reasonable care or competence to obtain or communicate true information.").

### C. Breaches of Implied and Express Warranties under Missouri Law and the Magnuson-Moss Warranty Act

Defendants primarily argue that Plaintiffs' complaints of breaches of implied and express warranties under state law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2310-2312, fail to state claims because Defendants had stated nothing more than their

opinion throughout the sales transaction and had sold the 1970 Nova "as is." However, whether (1) Defendants' statements are mere opinion, and (2) Defendants' disclaimer of both implied and express warranties is valid and, if so, its scope, all involve questions of fact and will not be adjudicated by the Court at this stage of litigation. Plaintiffs sufficiently pled their claims when they alleged that "Defendants' representations at the time of the sale" constituted the express and implied warranties, how those warranties were breached, and the harm they incurred.

### D. Violations of the Missouri Merchandising Practices Act

The Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, provides a state statutory remedy for "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Defendants argue that Plaintiffs' claim is deficient because there are no material facts at issue. However, whether Defendants' statements are "puffing" or are "material" is a question of fact not properly before the Court at this stage of litigation. Also, as previously discussed, Plaintiffs have stated an adequate claim for fraud against Defendants involving the sale and advertisement of the 1970 Nova, which Plaintiffs have incorporated into their MMPA claim. After a claim of fraud adequately adheres to the pleading standards of Federal Rule of Civil Procedure 9(b), Plaintiffs are not additionally required to re-state the individual factual allegations necessary for a fraud claim each time fraud is an element of an additional claim; that Plaintiffs' separate count

incorporates the necessary factual allegations for fraud is sufficient. For these reasons, Plaintiffs have sufficiently presented a claim under the MMPA.

### III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss and Motion for a More Definite Statement [Doc. # 12] are DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: November 22, 2010
Jefferson City, Missouri